**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. ) I.D. No. 1605016488
)
JERMAINE L. CARTER, )
)
Defendant. )

Submitted: August 6, 2018
Decided: August 17, 2018

## ORDER SUMMARILY DISMISSING JERMAINE L. CARTER'S MOTION FOR POSTCONVICTION RELIEF

This 17th day of August, 2018, upon consideration of the Motion for Postconviction Relief filed by Jermaine L. Carter, the record in this matter, and Superior Court Criminal Rule 61 ("Rule 61"), it appears to the Court that:

1. On January 4, 2017, following a one-day bench trial, this Court found Carter guilty of Assault in a Detention Facility and immediately sentenced him to five years at Level V, suspended after two years for 18 months at Level III.[1] On February 1, 2017, Carter, through counsel, appealed the conviction and sentence. Carter's counsel later filed a brief and a motion to withdraw under Delaware Supreme Court Rule 26(c), asserting there were no arguably appealable issues.

---

[1] D.I. 16.

2. On June 16, 2017, the Delaware Supreme Court issued an order affirming Carter's conviction.[2] The Supreme Court issued its mandate on July 5, 2017.[3]

3. On August 6, 2018, Carter filed a motion for postconviction relief (the "Motion").[4] In the Motion, Carter alleges one ground for relief: "unreasonable search and seizure."[5] In support, he states "I never got a copy of the affidavit and/or search or arrest warrant."[6] Carter also attached to his Motion a memorandum of law. The argument contained in that memorandum of law, however, does not relate to Carter's current case. Rather, the memorandum cites two grounds for relief: one regarding withdrawal of Carter's guilty plea and one regarding counsel's "failure to investigate and develop mitigating evidence that would have supported defendant's case during his sentencing."[7] As Carter did not plead guilty in this case, the first argument appears unrelated to this matter or the

---

[2] *Carter v. State*, 2017 WL 2628161 (Del. Jun. 16, 2017).
[3] D.I. 26.
[4] Carter previously filed a motion for postconviction relief while his direct appeal was pending. This Court summarily dismissed that motion on April 19, 2017, because it was not ripe under Rule 61(b)(4). The Court treats Carter's current motion as his first motion for postconviction relief in this case.
[5] D.I. 27.
[6] *Id.*
[7] *Id.*, Memo. of Law at 4.

2

ground asserted in the Motion. Similarly, Carter's argument regarding sentencing refers to a sentence imposed on November 6, 1987.[8]

4.      Under Superior Court Criminal Rule 61(d)((5), this Court may dismiss summarily a motion for postconviction relief if "it plainly appears from the motion . . . and the record of prior proceedings in the case that the movant is not entitled to relief."[9]      One appropriate basis for summary dismissal is an untimely postconviction motion. Rule 61 imposes a one-year time limitation on motions for postconviction relief. Under that rule, a motion "may not be filed more than one year after the judgment of conviction is final . . . ."[10] When a defendant files a direct appeal, as Carter did in this case, a judgment of conviction is final for purposes of Rule 61 "when the Supreme Court issues a mandate or order finally determining the case on direct review."[11] The one-year time limitation does not apply, however, to a claim that the court lacked jurisdiction or if the defendant pleads with particularity that (i) new evidence exists creating a strong likelihood the defendant actually is innocent of the acts underlying the charges of which he was convicted, or (ii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to the case and renders the conviction invalid.[12]

---

[8] *Id.* Carter is serving a life sentence on other charges.
[9] Super. Ct. Crim. R. 61(d)(5).
[10] Super. Ct. Crim. R. 61(i)(1).
[11] Super. Ct. Crim. R. 61(m)(2).
[12] Super. Ct. Crim. R. 61(i)(5).

5.     The Supreme Court issued its mandate on July 5, 2017, finally determining Carter's conviction on direct review. Carter did not file this Motion until August 6, 2018. Under the plain terms of Rule 61, Carter's Motion is untimely and therefore procedurally is barred. Carter has not pleaded specifically (or even generally) that the bar is not applicable. Because the motion is barred procedurally, the Court may not consider its merits.

Carter's Motion for Postconviction Relief therefore **SUMMARILY IS DISMISSED. IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:     Marc Petrucci, Deputy Attorney General
        Jermaine Carter, *pro se* (SBI No. 419947)